# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Mission Coal Company, LLC,**
**Employer Below, Petitioner**

**v.)      No. 23-337**      (JCN: 2020005852)
                              (BOR Appeal No. 2065906)
                              (ICA No. 22-ICA-241)

**William Dempsey,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Petitioner Mission Coal Company, LLC appeals the April 10, 2023, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Mission Coal Company, LLC v. Dempsey*, No. 22-ICA-241, 2023 WL 2863251 (W. Va. Ct. App. Apr. 10, 2023) (memorandum decision). Respondent William Dempsey filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the decisions of the Board of Review and the Workers' Compensation Office of Judges, which found that Mr. Dempsey satisfied the statutory exposure requirements for filing an occupational pneumoconiosis claim against the petitioner.[2] In its decision, the Office of Judges determined that even though Mr. Dempsey had additional exposure with another company after his employment ended, he is not precluded from filing a claim against Mission Coal Company, LLC, which is the petitioner herein.

---

[1] The petitioner is represented by counsel T. Jonathan Cook, and the respondent is represented by counsel M. Rachel Wolfe.

[2] The Board of Review decided the appeal of an order entered by the Office of Judges on March 29, 2021; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022).

On appeal, the petitioner alleges that the ICA essentially held that a claimant may file a claim for occupational pneumoconiosis benefits with the employer of his or her choice, which is contrary to West Virginia law.[3] In this case, the respondent left his employment with the petitioner on May 3, 2018, and he was exposed to an additional amount of dust for 157 days while working for another coal mine operator. As such, the petitioner believes that the respondent should have filed his claim against the more recent potentially chargeable employer. The claimant counters by arguing that the evidence of record supports the 10% award granted by the lower tribunals.[4]

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

**ISSUED: November 26, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] To qualify to file a claim for occupational pneumoconiosis benefits in West Virginia, a claimant must show he or she was exposed to a dust hazard in the state for a continuous period of not less than two years during the ten years immediately preceding the date of last exposure or for any five years during the fifteen years immediately preceding the date of last exposure. *See* W. Va. Code § 23-4-1(b). In addition, the claimant must establish that he or she was exposed to the hazards of occupational pneumoconiosis in sufficient amounts for sixty continuous days while working for the employer to be charged. *See* W. Va. Code § 23-4-15(b).

[4] The respondent did not address the issue of chargeability of the employer in his response brief.